Barbour, Ch. J.
(concurring in the result, but dissenting from the grounds on which the court puts it) The motion to set aside the answer must have been founded upon section 152 of the Code, which authorizes the striking out of sham and irrelevant answers. The facts set up in this answer were sufficient, if true, to *369 constitute a defense to the action, and they were fully proven by the papers read upon the motion. The principal debtor had been surrendered to the sheriff, and an order had been made exonerating the sureties ; and that order had not been countermanded or vacated. The pleading, therefore, was neither sham nor irrelevant.
Cases may be supposed, probably, where a party would be held excusable for his omission to take bis appeal from one order in due time,’ because he had obtained an order directing a resettlement, or a re-i argument, and had, at least, reasonable ground for believing that he would then be entitled to an essential modification or change of such original order. If, for I instance, a palpable error had been committed in drawling up and settling the original order in this case, [either in form, or because it was so drawn as to be too [inexact, or to contain more or less than had been [decided by the court, that, probably, would have been [sufficient to entitle the plaintiff to rely upon his motion cor a resettlement, and to excuse his failure to appeal, but, although the order of the judge at chambers required the defendants to show cause why the order of Ike court should not be resettled, and only that, it is pot pretended by the plaintiff’s counsel that such order Ivas irregular in form, or inexact in its terms, or that it liffered in any manner from the decision of the court. |o, too, if the plaintiffs ha$ obtained an order directing the defendants to show cause at a special term of the lourt why the original motion should not be reheard |r re-argued there, and had shown by his papers that pine important question to which the attention of the lourt was directed, had been left undetermined, or that ■une recent decision of importance, not then known to lie court or counsel, had been found, it may be that le pendency of such order to show cause would have Irnished such an excuse for the plaintiffs’ omission to *370 appeal as would have justified the court in directing the original order to be vacated and again re-entered, in order to afford the plaintiffs another opportunity to appeal. But, although the papers before us seem to intimate that the plaintiffs’ counsel supposed he had a right to treat the order to show cause why the order should not fee resettled, in some sort, at least, as an order for a reargument, he ought to have considered, first, that an order of a judge at chambers providing for a resettlement before him of another order of the court, was not an order for a rehearing before the court; and, secondly, that a judge, sitting at chambers and not as a court, had no power to hear or reheai a motion which belonged to the court alone to determine, or to modify or change any order made by tin court and entered of record. The plaintiffs, therefore were wholly without excuse, as I understand it, fo: their failure to appeal from the first order in due time and, for that reason, the court was right in denying their motion to vacate such order and re-enter th same.
The order appealed from should be affirmed, wit costs.